# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

DAVID CLUM, JR.
Reg. #20962-075                                                                  PETITIONER

v.                          Case No. 2:18-cv-00028-KGB/JJV

GENE BEASLEY, Warden                                                          RESPONDENT

# ORDER

Before the Court are the Proposed Findings and Recommendations ("Recommendations") submitted by United States Magistrate Judge Joe J. Volpe (Dkt. No. 13). Petitioner David Clum, Jr., filed timely objections to the Recommendations (Dkt. No. 14). After careful consideration of the Recommendations, Mr. Clum's objections, and a *de novo* review of the record, the Court concludes that the Recommendations should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects (Dkt. No. 13).

The Court writes separately to address certain of Mr. Clum's objections to the Recommendations (Dkt. No. 14). Mr. Clum argues that the facts of this case show that 28 U.S.C. § 2255 was inadequate or ineffective to test the legality of his conviction. Mr. Clum argues that the District Court for the Southern District of Florida erred by not holding a hearing and instead dismissing his petition for writ of habeas corpus.

As Judge Volpe cited in the Recommendations, a 28 U.S.C. § 2241 petition for writ of habeas corpus attacks the execution of a sentence or the way in which the sentence is being carried out, not imposition of the federal conviction or sentence which is governed by 28 U.S.C. § 2255 (Dkt. No. 14, at 5). Based on a review of the claims Mr. Clum raises in his current petition, he continues to attack his conviction and sentence, not the manner in which his sentence is being carried out.

At this point procedurally, because Mr. Clum asserts his innocence through this § 2241 petition, to invoke this Court's jurisdiction over his claim he must establish that a remedy under § 2255 is "inadequate or ineffective." *Hill v. Morrison*, 349 F.3d 1089, 1092 (8th Cir. 2003). Further, "[a] prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could or was actually raised in the § 2255 motion filed in the sentencing district." *Id.*, at 1092.

Mr. Clum argues that the Southern District of Florida should have held a hearing on his first § 2241 motion, which was characterized properly by this Court as a § 2255 motion. Mr. Clum had the opportunity to present any evidence that he believed showed his innocence to the Southern District of Florida with his initial § 2255 motion. If Mr. Clum believes that the Southern District of Florida erred in dismissing his initial § 2255 claim, he has the opportunity to appeal that decision directly to the Eleventh Circuit Court of Appeals.

Mr. Clum fails to show that his remedy under § 2255 is "inadequate or ineffective" under controlling law. Further, he fails to demonstrate that the "savings clause" in § 2255 applies because he has been afforded an opportunity to raise his claim of actual innocence through his § 2255 petition before the Southern District of Florida and a direct appeal of that court's decision.

For these reasons, this Court lacks jurisdiction. The Court therefore denies Mr. Clum's motion for writ of habeas corpus (Dkt. No. 1). The Court dismisses without prejudice this case.

It is so ordered, this 23rd day of July 2018.

_____
Kristine G. Baker
United States District Judge